OPINION
Defendant-appellant, David Bare, appeals a determination that he is a sexual predator. For the reasons that follow, we affirm the trial court's decision.
Appellant entered an "Alford" plea to one count of gross sexual imposition.[1] Appellant was originally charged with two counts of rape and one count of gross sexual imposition for molesting two young children. The court merged both rape charges into the gross sexual imposition charge and ordered a presentence investigation and a forensic report.
During a hearing conducted pursuant to R.C. 2950.09(B), the trial court heard testimony from two experts who conducted psychological evaluations of appellant. The court also considered the two experts' written reports, appellant's detailed criminal history, and psychological assessments of the two victims. Following the hearing, the court found appellant to be a sexual predator and imposed a three-year prison sentence.
On appeal, appellant claims the trial court erred by classifying him as a sexual predator.
In determining whether an offender is a sexual predator, the trial court must find that an individual has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. State v.McCullough (Oct. 15, 2001), Fayette App. No. CA2001-02-004, unreported; R.C. 2950.01(E). A determination that an offender is a sexual predator must be supported by clear and convincing evidence. State v. Lamberson
(Mar. 19, 2001), Madison App. No. CA2000-09-012, unreported.
In making its determination, the trial court examines the factors enumerated in R.C. 2950.09(B)(2). Lamberson at 29. However, its analysis is not limited to those statutory considerations, but shall include all relevant factors. Id.
Accordingly, the trial court may examine the subject's past behavior, is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2), and may rely upon one factor more than another depending upon the circumstances of the case. Id. at 29, 30. Finally, a single conviction for a sexually oriented offense may support a finding that a defendant is a sexual predator. Id.
Appellant's principal argument is that his conduct can be attributed to a long history of alcohol abuse and alcohol-related problems. It is his problem with alcohol, appellant asserts, that needs to be addressed, not his propensity or likelihood to engage in additional sexually oriented offenses.
The trial court observed that several factors supported its determination that appellant was a sexual predator. Among these were appellant's extensive and alcohol-related criminal history, including a number of violent criminal offenses, the young age of the victims, the multiple number of victims, and appellant's refusal to accept responsibility for his actions.
In addition, both experts were of the opinion that appellant posed a high risk of recidivism since he routinely failed to address his alcoholism problem. Appellant's past failures to address this problem, in conjunction with his high risk of recidivism and the factors cited above, support the trial court's determination that appellant is a sexual predator.
For these reasons, appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] The "Alford" guilty plea is considered a qualified guilty plea because it allows a defendant to enter a guilty plea yet maintain his innocence. North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160.